**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARROWHEAD HEALTH & RACQUET CLUB, LLC and MANDALAP ENTERPRISES, LLC, | 1:20-cv-08968-NLH-KMW |
| Plaintiffs, | **OPINION** |
| v. | |
| TWIN CITY FIRE INSURANCE COMPANY, | |
| Defendant. | |

**APPEARANCES**:

MATTHEW R. MCCRINK
MCCRINK, NELSON & KEHLER
475 ROUTE 73 NORTH
WEST BERLIN, NJ 08091

　*On behalf of Plaintiffs*

JAMES L. BROCHIN
STEPTOE & JOHNSON LLP
1114 AVENUE OF THE AMERICAS
35TH FLOOR
NEW YORK, NY 10036

　*On behalf of Defendant*

**HILLMAN**, **District Judge**

　　This matter concerns insurance claims made by Plaintiffs Arrowhead Health & Racquet Club, LLC and Mandalap Enterprises, LLC for business losses caused by government shut down orders designed to stop the spread of COVID-19.  Presently before the Court is Defendant Twin City Fire Insurance Company's motion for judgment on the pleadings, which Plaintiffs have opposed.  For

the reasons expressed below, Defendant's motion will be granted.

## BACKGROUND

Plaintiffs own and operate a health and fitness club located at 9 Nelson Drive, Medford, New Jersey 08055. To protect their business from potential loss, Plaintiffs purchased an insurance policy for the club from Defendant sometime prior to March 13, 2020. To provide additional protection, Plaintiffs also purchased from Defendant additional optional coverages, including Business Income and Extra Expense coverage as well as Action of Civil Authority Coverage, Extended Business Income coverage

The insurance policy includes a Virus Exclusion Clause, which provides that, "regardless of any other cause or event that contributes concurrently or in any sequence to the loss," Defendant "will not pay for loss or damage caused directly or indirectly by [the] . . . Presence, growth, proliferation, spread or any activity of 'fungi', wet rot, dry rot, bacteria or virus." (ECF No. 15-2, Ex. A at 93). However, the policy also provides a limited exception to the Virus Exclusion in the form of the Limited Virus Coverage clause, which provides that Defendant "will pay for loss or damage by ... virus" in certain limited circumstances, with the phrase "loss or damage" defined to include "Direct physical loss or direct physical damage to Covered Property caused by ... virus, including the cost of

2

removal of the ... virus." Id. at 94.  The Limited Virus Coverage clause explains that Defendant will only provide coverage for such direct physical loss or damage if it is caused by a "specified cause of loss" other than fire or lightning, or by an equipment breakdown.  Id.  The policy defines "specified cause of loss" as "[f]ire; lightning; explosion, windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage." Id. at 49.

On March 13, 2020, Plaintiffs were "forced to cease business at and close [their] property located at 9 Nelson Drive, Medford, New Jersey, due to decrees from the state and/or local governments that health clubs/gyms must close because the danger of the COVID-19 pandemic."  (ECF No. 1-1 at ¶ 6).  Due to this closure, Plaintiffs filed an insurance claim with Defendant for coverage for their loss of business income.  However, on March 31, 2020, Defendant sent Plaintiffs a letter denying coverage for their loss.

Plaintiffs then filed their Complaint in New Jersey Superior Court on June 3, 2020, which Defendant promptly removed to this Court.  (ECF No. 1).  Plaintiffs' Complaint asserts two claims for breach of contract, for Defendant's actions in denying coverage under the policy's Loss of Business Income and

3

Action of Civil Authority coverage provisions.  Defendant filed an answer to the Complaint on August 21, 2020, (ECF No. 6), which it then followed with a motion for judgment on the pleadings on November 13.  (ECF No. 15).  Defendant's motion largely relies on the policy's Virus Exclusion Clause in arguing that Plaintiffs' Complaint must be dismissed.  Plaintiffs filed a brief in opposition to the motion on December 18, (ECF No. 17), and Defendant followed with a brief in further support of the motion on January 12, 2021.  (ECF No. 20).  The motion is now fully briefed and ripe for adjudication.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

### II. Standard for Motion for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed.  Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6).  Turbe, 938 F.2d at 428.  Thus, a court must accept all well-pleaded allegations in the complaint as true and view them

in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim[ ]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). In addition, "on a motion for judgment on the pleadings," a court

5

"reviews not only the complaint but also the answer and any written instruments and exhibits attached to the pleadings." Perelman v. Perelman, 919 F. Supp. 2d 512, 520 n.2 (E.D. Pa. 2013).

## III. Analysis

As stated above, Plaintiffs are pursuing two breach of contract claims related to Defendant's denial of their insurance claim for loss of business income caused by COVID-19-related government shutdown orders.  Defendant has moved for judgment on the pleadings, and for the most part focus its motion on one argument: that the policy's Virus Exclusion applies here and bars coverage for Plaintiffs' claims for coverage, and therefore their breach of contract claims must be dismissed.[1]

This case comes on the heels of this Court's prior Opinion in Delaware Valley Plumbing Supply, Inc. v. Merchants Mutual Insurance Company, No. 1:20-cv-08257-NLH-KMW, 2021 WL 567994 (D.N.J. Feb. 16, 2021), in which the Court addressed similar breach of contract claims related to denial of insurance coverage for COVID-19 shutdown related losses.  In that case, this Court held that the Virus Exclusion clause in parties'

---

[1] The Court recognizes that the parties have also put forward separate additional arguments regarding the sufficiency of Plaintiffs' pleadings.  However, the Court "finds that it is unnecessary to address [the parties' other] arguments, because the Virus Exclusion clearly applies and bars coverage." Delaware Valley Plumbing, 2021 WL 567994 at *3.

6

contract, which was highly similar to the clause found in the policy at the center of the present case, clearly applied and barred coverage. Id. at *7. For substantially the same reasons, the Court reaches the same result here.

Both parties appear to agree that New Jersey law applies here. Under New Jersey law, the interpretation of an insurance policy is a "question of law." Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med., 46 A.3d 1272, 1276 (N.J. 2012). The language of an insurance policy "should be interpreted according to its plain and ordinary meaning." Voorhees v. Preferred Mutual Ins. Co., 607 A.2d 1255, 1260 (N.J. 1992). Where the terms of the policy are ambiguous and there is doubt regarding the existence of coverage, the ambiguity is ordinarily resolved in favor of the insured. See Benjamin Moore & Co. v. Aetna Cas. & Sur. Co., 843 A.2d 1094, 1103 (N.J. 2004). However, where the language of the policy is clear and unambiguous, "the court is bound to enforce the policy as it is written." Royal Ins. Co. v. Rutgers Cas. Ins. Co., 638 A.2d 924, 927 (N.J. Super. Ct. App. Div. 1994). The court "should not write for the insured a better policy of insurance than the one purchased." Buczek v. Continental Cas. Ins. Co., 378 F.3d 284, 288 (3d Cir. 2004) (citing Vassiliu v. Daimler Chrysler Corp., 839 A.2d 863, 867 (N.J. 2004)).

Under New Jersey law, "exclusions in [an] insurance policy

7

should be narrowly construed." Nav-Its, Inc. v. Selective Ins. Co. of Am., 869 A.2d 929, 934 (N.J. 2005) (citing Princeton Ins. Co. v. Chunmuang, 698 A.2d 9, 16 (N.J. 1997)). "Nevertheless, if the exclusion is 'specific, plain, clear, prominent, and not contrary to public policy,' it will be enforced as written." Id. (citing Princeton Ins. Co., 698 A.2d at 16).

The Policy here includes a prominent Virus Exclusion clause that explicitly provides that Defendant "will not pay for loss or damage caused directly or indirectly by [the] . . . Presence, growth, proliferation, spread or any activity of 'fungi', wet rot, dry rot, bacteria or virus." (ECF No. 15-2, Ex. A at 93). Plaintiffs specifically allege that their losses were sustained "due to decrees from the state and/or local governments that health clubs/gyms must close because the danger of the COVID-19 pandemic." (ECF No. 1-1 at ¶ 6). "Therefore, '[b]ecause the Stay-at-Home Orders were issued to mitigate the spread of the highly contagious novel coronavirus, Plaintiff's losses are tied inextricably to that virus.'" Delaware Valley Plumbing, 2021 WL 567994 at *3 (quoting Boulevard Carroll Entm't Grp., Inc. v. Fireman's Fund Ins. Co., No. 20-11771(SDW)(LDW), 2020 WL 7338081, at *2 (D.N.J. Dec. 14, 2020)).

As this Court noted in Delaware Valley Plumbing, throughout the current COVID-19 pandemic "a significant number of courts, both in this Circuit and across the country, have analyzed virus

8

exclusion clauses that were either identical or highly similar to the one in Plaintiff's Policy, and consistently" held that the such clauses barred coverage for insurance claims related to loss or damages caused by the widespread government shut down orders issued in response to COVID-19. Id. at 4. The Court there cited to a significant number of cases, both within this Circuit and without, that had reached this exact conclusion. See id. (citing cases).

That trend has continued. In the months since that Opinion was issued, two courts in this district have held that the exact virus exclusion clause found in the policy here bars coverage for insurance claims like those put forth by Plaintiffs. See Stern & Eisenberg, P.C. v. Sentinel Ins. Co. Ltd., No. 20-11277 (RMB/KMW), 2021 WL 1422860, at *5 (D.N.J. Apr. 14, 2021); Podiatry Foot & Ankle Inst. P.A. v. Hartford Ins. Co. of the Midwest, No. 20-20057 (KM) (ESK), 2021 WL 1326975, at *2-3 (D.N.J. Apr. 9, 2021). And numerous courts in this district have addressed essentially identical claims based on virus exclusion clauses with similar language, and have repeatedly made the same finding. See, e.g., Quakerbridge Early Learning LLC v. Selective Ins. Co. of New England, No. 20-7798 (MAS) (LHG), 2021 WL 1214758, at *4 (D.N.J. Mar. 31, 2021) ("The Court . . . finds that the Virus Exclusion clearly and unambiguously bars coverage for Plaintiff's claims."); Chester C. Chianese DDS

9

LLC v. Travelers Cas. Ins. Co. of Am., No. 20-5702 (MAS) (ZNQ), 2021 WL 1175344, at *3 (D.N.J. Mar. 27, 2021) ("The Virus Exclusion clearly and unambiguously bars coverage for Plaintiff's claims."); Carpe Diem Spa, Inc. v. Travelers Cas. Ins. Co. of Am., No. 20-14860, 2021 WL 1153171, at *3 (D.N.J. Mar. 26, 2021) ("Because Plaintiff's losses were 'caused by or result[ed] from [a] virus ... that induces or is capable of inducing physical distress, illness or disease,' the Virus Exclusion applies."); Downs Ford, Inc. v. Zurich American Ins. Co., No. 3:20-cv-08595-BRM-ZNQ, 2021 WL 1138141, at *4 (D.N.J. Mar. 25, 2021) ("The Virus Exclusion Unambiguously Denies the Subject Claim"); Dezine Six, LLC v. Fitchburg Mut. Ins. Co., No. 3:20-cv-07964-BRM-DEA, 2021 WL 1138146, at *5 (D.N.J. Mar. 25, 2021) ("[T]he Court finds the Virus Exclusion unambiguously precludes Dezine's recovery under the Business Income, the Civil Authority, and the Extra Expense provisions."); Garmany of Red Bank, Inc. v. Harleysville Ins. Co., Civ. A. No. 20-8676 (FLW) (DEA), 2021 WL 1040490, at *7 (D.N.J. Mar. 18, 2021) (dismissing claims based on "find[ing] that the Virus Exclusion unambiguously bars coverage of Plaintiff's claims"); Manhattan Partners, LLC v. Am. Guar. & Liab. Ins. Co., No. 20-1 4342 (SDW) (LDW), 2021 WL 1016113, at *2 n.3 (D.N.J. Mar. 17, 2021) ("A final bar to Plaintiffs' claims can be found in the Policy's Contamination exclusion, which clearly and explicitly excludes

10

coverage for damage, loss or expense arising from a virus.").

Plaintiffs, unsurprisingly, have put forward a series of arguments for why their claims should not be barred by the Virus Exclusion found in their policy. First, they put forward two arguments that are identical to those relied upon by the plaintiff in Delaware Valley Plumbing: that the Court cannot determine whether the Virus Exclusion bars coverage for their claims at the pleadings stage, and that under the regulatory estoppel doctrine, Plaintiffs must be granted a chance to engage in discovery regarding the enforceability of the exclusion prior to the Court passing judgment on their claims. This Court rejected both of these arguments in Delaware Valley Plumbing, and does the same now.

First, Plaintiffs are simply incorrect that this Court cannot address whether an exclusion bars coverage at the pleadings stage: "[t]he Third Circuit and courts within this Circuit have regularly granted motions to dismiss in insurance cases when the plaintiff's allegations fall squarely within the policy's exclusion to coverage." Delaware Valley Plumbing, 2021 WL 567994 at *5 (quoting N&S Restaurant LLC v. Cumberland Mutual Fire Insurance Company, No. 20-05289 (RBK/KMW), 2020 WL 6501722, at *3 (D.N.J. Nov. 5, 2020)). As quoted above, Plaintiffs have expressly alleged that their losses were caused by "decrees from the state and/or local governments that health clubs/gyms must

11

close because the danger of the COVID-19 pandemic," (ECF No. 1-1 at ¶ 6), and New Jersey Governor Phil Murphy's Executive Order 103 — which Plaintiffs themselves have attached and referred the Court to in their opposition brief — explicitly states that "Coronavirus disease 2019 ('COVID-19') is a contagious, and at times fatal, respiratory disease caused by the SARS-CoV-2 virus."  (ECF No. 17-2, Ex. 1).  As courts in this district have previously recognized, "there is no dispute that COVID-19 is caused by a virus."  Body Physics v. Nationwide Insurance, No. 20-9231 (RMB/AMD), 2021 WL 912815, at *6 (D.N.J. Mar. 10, 2021).  See also id. (citing Mac Property Group LLC v. Selective Fire and Cas. Ins. Co., No. L-2629-20, 2020 WL 7422374, at *8 n.1 (N.J. Super. Ct. Nov. 5, 2020)).

     Second, Plaintiffs have entirely failed to demonstrate any basis for permitting them to proceed to discovery on their regulatory estoppel argument.  Much like the Plaintiff in Delaware Valley Plumbing, Plaintiffs here failed to put forward any regulatory estoppel claim in their actual complaint, and raised this argument for the first time in their opposition brief.  And more importantly, Plaintiffs here "have entirely failed to point to a [] misrepresentation regarding the scope of the Virus Exclusion, and to demonstrate how the interpretation advanced by Defendant is inconsistent with prior representations made by the insurance industry to regulators," as required by

12

the regulatory estoppel doctrine espoused by the New Jersey Supreme Court in Morton Int'l, Inc. v. Gen. Acc. Ins. Co. of Am., 134 N.J. 1 (1993).  Delaware Valley Plumbing, 2021 WL 567994 at *5-6.  In fact, Plaintiffs have done even less than prior parties: while the plaintiff in Delaware Valley Mutual at least identified certain industry circulars that they based their argument on, Plaintiffs here have failed to even point the Court to a specific misrepresentation they believe was made to insurance industry regulators regarding virus exclusion clauses.  Accordingly, these arguments both fail.

Plaintiffs have also put forward two additional arguments for why Defendant's motion should be denied.  First, Plaintiffs assert that the Virus Exclusion in the policy is ambiguous, because "[t]he grouping of wet rot and dry rot together with virus and bacteria suggests that the exclusion is only intended to apply when a virus is physically present at the property." (ECF No. 17-1 at 16).  "A genuine ambiguity exists in an insurance contract 'where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage.'"  Causeway Automotive, LLC v. Zurich American Ins. Co., No. 20-8393 (FLW) (DEA), 2021 WL 486917, at *5 (D.N.J. Feb. 10, 2021) (quoting Lee v. Gen. Acc. Ins. Co., 767 A.2d 985, 987 (N.J. Super. Ct. App. Div. 2001)).

Plaintiffs fail to provide much in the way of substantive

13

argument on this point, and instead rely entirely on a single federal court opinion that reached their desired conclusion, Urogynecology Specialist of Florida LLC v. Sentinel Ins. Co., Ltd., 620CV1174ORL22EJK, 2020 WL 5939172, at *4 (M.D. Fla. Sept. 24, 2020).  However, another court in this District was very recently presented with the exact same virus exclusion clause, and a plaintiff that made the exact same argument in the exact same language, also relying only on the Urogynecology opinion cited by Plaintiffs here.  Stern & Eisenberg, P.C. v. Sentinel Insurance Company, Limited, No. 20-11277 (RMB/KMW), 2021 WL 1422860, at *4 (D.N.J. Apr. 14, 2021) (stating that the plaintiff there had argued that the language and context of an identical virus exclusion "suggests that the exclusion is only intended to apply when a virus is physically present at the property").

The court in Stern & Eisenberg held that the plaintiff had "offer[ed] no compelling argument that the plain language of the Virus Exclusion is susceptible to two reasonable interpretations." Id. at *5.  And, importantly, that court further noted that this argument had already been repeatedly rejected by other courts both in this District and within this Circuit.  Id. (citing Eye Care Ctr. of N.J., PA v. Twin City Fire Ins. Co., Civ. No. 20-05743 (KM), 2021 WL 457890 (D.N.J. Feb. 8, 2021); N&S Restaurant, 2020 WL 6501722, at *3; ATCM

14

Optical, Inc. v. Twin City Fire Ins. Co., Civil Action 20-4238, 2021 WL 131282, at *6-8 (E.D. Pa. Jan. 14, 2021); Moody v. Hartford Fin. Grp., Inc., Civil Action No. 20-2856, 2021 WL 135897, at *10 (E.D. Pa. Jan 14, 2021); TAQ Willow Grove, LLC v. Twin City Fire Ins., Civil Action No. 20-1863, 2021 WL 131555, at *8 (E.D. Pa. Jan 14, 2021); Wilson v. Hartford Cas. Co., Civil Action No. 20-3384, 2020 WL. 5820800, at *7 (E.D. Pa. Jan. 14, 2021)). This Court agrees with the series of other courts in this Circuit which have reached the same conclusion: the language of the Virus Exclusion found in Plaintiffs' policy, rather than containing fatal ambiguities, "is explicit and plainly excludes from coverage any loss "caused directly or indirectly by ... [the p]resence, growth, proliferation, spread or any activity of ... virus." Stern & Eisenberg, 2021 WL 1422860, at *5.

Finally, Plaintiffs argue that the Virus Exclusion does not bar their claims because the Court must either interpret the Limited Virus Coverage clause to apply here, or otherwise find that the clause is illusory if it does not apply. Under New Jersey law, this "Court must 'decline to construe the Policy in a manner that makes promises in the coverage section illusory.'" Childrens Place, Inc. v. Great Am. Ins. Co., No. 18-11963, 2019 WL 1857118, at *5, 2019 U.S. Dist. LEXIS 70109, at *14 (D.N.J. April 25, 2019) (citing Customized Distrib. Servs. v. Zurich

15

Ins. Co., 862 A.2d 560, 568 (N.J. Super. Ct. App. Div. 2004)). "New Jersey Courts, in accordance with the Restatement [of Contracts], define an illusory promise as a 'promise which by [its] terms make performance entirely optional with the promisor whatever may happen, or whatever course of conduct in other respects he may pursue.'" Del Sontro v. Cendant Corp., 223 F. Supp. 2d 563, 577-78 (D.N.J. 2002) (quoting Restatement (Second) of Contracts § 2). However, while a court may not uphold a truly illusory contract, "[g]enerally, courts should seek to enforce contracts and avoid deeming them illusory." Id. at 578 (citing Russell v. Princeton Labs. Inc., 50 N.J. 30, 38, 231 A.2d 800 (N.J. 1967)).

As described above, the Limited Virus Coverage clause provides an exception to the Virus Exclusion which essentially states that Defendant will provide coverage for loss caused by direct physical damage, which itself must be caused by a virus that is the result of one of the specified causes of loss listed in the contract. Plaintiffs' argument, at its core, appears to essentially be that it is impossible to put forth a set of facts under which a virus would be the cause of direct physical loss and would have been caused by one of the specified causes of loss, namely "explosion, windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action;

16

falling objects; weight of snow, ice or sleet; water damage." (ECF No. 15-2, Ex. A at 49).

Given the sheer number of cases that have been decided by courts in this Circuit involving claims for insurance coverage for losses caused by COVID-19-related government shutdown orders, it is perhaps unsurprising that, yet again, another court in this Circuit has recently addressed this exact argument posed against this exact Limited Virus Coverage clause. In Ultimate Hearing Solutions II, LLC v. Twin City Fire Insurance Company, NO. 20-2401, 2021 WL 131556 (E.D. Pa. Jan. 14, 2021), the plaintiff had similarly argued that the court must either read the direct physical loss or damage requirement out of this exact clause, or find that it was illusory. Id. at *9. That court first stated that "Plaintiffs fail to acknowledge that this Limited Virus Coverage provision also applies to fungi, wet rot, dry rot, and bacteria, not just viruses. While it may be difficult to think of a hypothetical situation where a virus causes physical damage to a property, it is not difficult to imagine that wet rot, dry rot or fungi can cause damage that would satisfy the 'direct physical loss or direct physical damage' requirement." Id. Second, it noted that the defendant had in fact identified at least one case where insured property was damaged due to a virus caused by one of the specified causes of loss: in Curtis O. Griess & Sons, Inc. v. Farm Bureau Ins.

17

Co. of Nebraska, 247 Neb. 526, 528 N.W.2d 329 (1995), a court had found coverage for an insurance claim when a windstorm caused insured livestock to become infected with the pseudorabies virus. The Eastern District of Pennsylvania is not the only federal court to have addressed this exact argument as applied to this exact insurance clause in the COVID-19 context: a California federal court reached an identical conclusion, based on substantially the same reasoning and similarly referencing Curtis O. Griess & Sons. See Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc., No. 20-cv-04434, 2020 WL 7342687, at *4-5 (C.D. Cal. Dec. 14, 2020).

Defendant here, as might be expected, refers the Court to the exact same Nebraska case, and makes the exact same arguments. Although Ultimate Hearing Solutions and Franklin EWC were decided under Pennsylvania and California law, the Court finds that their reasoning is persuasive under New Jersey law as well. It appears to be possible for a claim for coverage for loss caused by a virus to fall within the Limited Virus Coverage clause, and since Defendant's requirement to provide coverage under that exception to the Virus Exclusion would therefore not be optional, the clause is not illusory. As Plaintiff has failed to plead any facts that would show that their losses here fall within the Limited Virus Coverage, their claims are barred by the Virus Exclusion and must be dismissed. And since the

18

Virus Exclusion clearly and unambiguously bars all coverage for Plaintiffs' insurance claims, their breach of contract claims are therefore futile, and will be dismissed with prejudice.

## **CONCLUSION**

For the reasons expressed above, Defendant's motion for judgment on the pleadings (ECF No. 15) will be granted.

An appropriate Order will be entered.

Date: June 21, 2021          /s Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.